IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal Case No. 4:19CR51-2 (RCY) |
| | ) |
| LATOYA PATRICE CARTER, | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

This matter, which was recently reassigned to the undersigned, is before the Court on Latoya Carter's ("Defendant") *pro se* Letter Motion ("Motion"), which the Court construes as a Motion for Compassionate Release. (Letter Motion, ECF No. 120.) For the following reasons, Defendant's Motion (ECF No. 120) is DENIED WITHOUT PREJUDICE.

**I.   BACKGROUND**

On August 7, 2019, following a two-day jury trial, the jury found Defendant guilty of one count of Conspiracy to Possess with Intent to Distribute Cocaine, one count of Possession with Intent to Distribute Cocaine, and two counts of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Jury Verdict, ECF No. 39.) Defendant and her co-defendant, Marcus Moody, conspired to distribute cocaine while in possession of firearms when law enforcement agents apprehended them on December 30, 2018. (PSR at 4, ECF No. 122.)

On November 14, 2019, the Court sentenced Defendant to a total of one hundred thirty-two (132) months' imprisonment—twelve (12) months on Count 1; twelve (12) months on Count 2, to be served concurrently; sixty (60) months on Count 3; and sixty (60) months on Count 4, each of which are to be served consecutively with each other and consecutive to Counts 1 and 2. (J. at

2, ECF No. 66.) Defendant's sentence also included a supervised release term of five (5) years. (*Id.* at 3.)

Defendant, in her one-page Motion, requests the Court to "evaluate [her] stacked charges." (Letter Motion, ECF No. 120.) She claims that "the [C]ourt is no longer stacking 924(c) charges" because of the First Step Act. (*Id.*) The Court ordered the Probation Office and the Government to advise the Court of their positions on Defendant's Motion. (Order, ECF No. 121.) Both oppose Defendant's Motion. (Resp. in Opp'n, ECF No. 123; Recommendation, ECF No. 124.) The Motion is fully briefed and ripe for a decision.

## II.   LEGAL STANDARD

Title 18 U.S.C. § 3582(c)(1)(A) provides that a district court may reduce a term of imprisonment after it has been imposed "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

The United States Court of Appeals for the Fourth Circuit has found this requirement to be a non-jurisdictional claim processing rule. *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). Therefore, it may be waived or forfeited if not timely raised. *Id.*; *see also, e.g., United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (same).

"When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Alam*, 960 F.3d at 834 (quoting *Hamer v. Neighborhoods Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017)). "Because 'Congress sets the rules' when it comes to statutory exhaustion requirements, the judiciary has a role to play in exception-crafting 'only if Congress wants [it] to.' Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions." *Id.* at 834 (quoting *Ross v.*

*Blake*, 136 S. Ct. 1859, 1857 (2016)). Thus, the thirty-day waiting period is mandatory unless the Government waives or forfeits the requirement. *Id.* ("[M]andatory claim-processing rules bind the courts only when properly asserted and not forfeited.").

If a motion satisfies the statutory precondition, a district court may reduce the inmate's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction" and concludes "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has ruled that there are no applicable policy statements for the district court to consider in defining extraordinary and compelling reasons; it is within the district court's discretion to assess whether extraordinary and compelling reasons exist.[1] *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020).

### III.  APPLICATION

In its response brief, the Government asserts that Defendant failed to exhaust her administrative remedies because she never requested compassionate release from the warden at FCI Hazelton. (Resp. in Opp'n at 3–4, ECF No. 123.) It further contends that no extraordinary and compelling reasons exist that warrant reducing Defendant's sentence. (*Id.* at 10–13.) While defendants can raise "stacked" charges in a motion for compassionate release, *see generally McCoy*, 981 F.3d at 280–85, Defendant cannot raise this claim because she was sentenced after the implementation of the First Step Act and her § 924(c) convictions were not stacked. Finally, the Government argues that the Court should not reduce Defendant's sentence after considering the relevant sentencing factors. (Resp. in Opp'n at 13–15, ECF No. 123.)

---

[1] Nevertheless, it is appropriate for the district court to look to USSG § 1B1.13 for guidance. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

As mentioned above, a defendant who moves for compassionate release must "exhaust his remedies with his warden and the BOP before filing his own motion for compassionate release." *McCoy*, 981 F.3d at 283. Here, Defendant has not satisfied the administrative exhaustion requirement of § 3582(c)(1)(A). In its response, the Government states that Defendant failed to exhaust her administrative remedies, and "[t]here is no evidence any such attempt was even made with the BOP." (Resp. in Opp'n at 4, ECF No. 123.) Because Defendant did not attempt to exhaust her remedies with the BOP before filing her Motion with the district court, she failed to exhaust her administrative remedies. The Government properly raised Defendant's failure to exhaust her administrative remedies; therefore, the Court denies her Motion without prejudice.

## IV.     CONCLUSION

For the foregoing reasons, the Court will deny without prejudice Defendant's Motion (ECF No. 120).

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Norfolk, Virginia
Date:  August 1, 2022