IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LATOYA PATRICE CARTER,<br><br>Defendant/Petitioner. | Case Nos. 4:19-cr-51-2<br>4:22-cv-96 |

### MEMORANDUM OPINION & ORDER

Before the Court is Petitioner Latoya Patrice Carter's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. ECF No. 138. The Court has reviewed the record and finds that an evidentiary hearing is not necessary because the record conclusively demonstrates that the petitioner is not entitled to relief. R. Gov. § 2255 Proc. in U.S. Dist. Cts. 8(a).[1] For the reasons set forth below, the motion is **DISMISSED AND DENIED.**

**I.   BACKGROUND**

In December 2018, Newport News police stopped and searched a vehicle the petitioner was driving. ECF No. 53 ¶ 7 (SEALED). They found two handguns, an extended capacity magazine, a bag of powder cocaine, a bag of compressed cocaine, a scale with white residue, and three clear baggies. *Id*. The petitioner was arrested along with her passenger, Defendant Marcus Troy Moody.

---

[1] In its opposition, the government suggested that a hearing may be necessary and also requested that the Court order the petitioner's former counsel to file an affidavit addressing the petitioner's allegations. ECF No. 149 at 4. The Court finds the affidavit sufficient in light of the nature and substance of the allegations.

The petitioner and her co-defendant were both indicted on charges of conspiracy to possess with intent to distribute cocaine (Count One), possession with intent to distribute cocaine (Count Two), and two counts of possession of a firearm in furtherance of drug trafficking under 18 U.S.C. § 924(c) (Counts Three and Four). ECF No. 1. Defendant Carter was originally represented by the Office of the Federal Defender. ECF No. 23 at 1. On June 18, 2019, after conducting a hearing on a motion to withdraw as counsel, the Honorable Robert G. Doumar—to whom this case was previously assigned—appointed Attorney Trevor Robinson to represent Defendant Carter. ECF No. 25.

In late July 2019, the government offered the petitioner a plea agreement under which she could have pleaded guilty to both § 924(c) charges (Counts Three and Four) in exchange for dismissal of Counts One and Two. ECF No. 149-1 at 2 (emailed plea offer). The petitioner declined the offer and proceeded to trial. *See* ECF No. 149-2 at 2 (email declining offer).

Before trial, Defendant Moody filed a motion to suppress evidence seized during the traffic stop. ECF No. 26. The motion argued that the stop was unconstitutional because it was based on "unspecified traffic violations," and that the search of the vehicle was unconstitutional because the codefendant "disputed" whether the police "actually smelled any odor of marijuana emanating from the vehicle." *Id.* at 1, 3. The petitioner adopted Defendant Moody's motion to suppress. ECF No. 28 (motion to adopt); *see* ECF No. 86 at 3:19–4:7 (court acknowledging adoption). After a hearing, Judge Doumar denied the motion, finding that the police stopped the petitioner's vehicle legally after observing at least four traffic violations,

including "nearly hitting at least one parked vehicle." ECF Nos. 29 (minutes), 86 at 40:11–12 (transcript); ECF No. 34 at 2 (order). Based on testimony from the officer who smelled cannabis in the vehicle, the defendants' related admissions, and independent, undisputed evidence of probable cause, including "Defendant Moody reaching over to the driver's side of the vehicle more than once after [he] realized the police were there," Judge Doumar determined that the search was constitutional. ECF No. 34 at 8–9.

At trial, a jury found the petitioner guilty on all counts. ECF No. 39. Judge Doumar sentenced the petitioner to 12 months of incarceration on Count One and 12 months of incarceration on Count Two, to be served concurrently with the sentence on Count One. ECF No. 61 at 1. On Counts Three and Four—the two § 924(c) charges—the petitioner was sentenced to 60 months each, consecutive to each other and consecutive to the other sentences. *Id.* The petitioner appealed, arguing that there was insufficient evidence to convict her; however, the Fourth Circuit affirmed her convictions in a published opinion. *United States v. Moody*, 2 F.4th 180, 187 (4th Cir. 2021).

On January 18, 2022, the petitioner sent a letter to the court in which she stated, "It has come to my attention that the court is no longer stacking 924(c) charges in lieu of the First Step Act guidelines." ECF No. 120 at 1. The petitioner asked the court to "evaluate [her] stacked charges." *Id*. On August 2, 2022, the Honorable Roderick C. Young, to whom this case was next assigned, construed the petitioner's letter as a motion for compassionate release. ECF No. 132 at 1. He denied the request to "evaluate [the petitioner's] stacked charges" without prejudice on the grounds that

the petitioner had not exhausted administrative remedies before filing her letter. ECF No. 120 at 1; *see* ECF No. 132 at 4. Judge Young's order did not disabuse the petitioner of the belief that her two charges under § 924(c) had been stacked. *See generally* ECF No. 132.

The petitioner filed the instant motion on September 12, 2022. ECF No. 138. The motion asserts 11 grounds on which the petitioner claims her counsel was ineffective. *Id.* The petitioner alleges Attorney Robinson:

(1) "Misadvi[sed] [the petitioner] during the plea negotiation process with regard to the revised . . . 'stacking' provision" under 18 U.S.C. § 924(c) (ECF No. 138 at 5);

(2) "Failed to completely argue and preserve the suppression issue by failing to call [the petitioner] as a rebuttal witness" (*id.* at 6);

(3) "Failed to completely argue and preserve the suppression issue by failing to investigate [the] arresting officer's bonafides" (*id.* at 8);

(4) "Failed to completely argue and preserve the suppression issue" pre-trial by failing "to present the full body-worn camera footage to the court to rebut the arresting officer's testimony" (*id.* at 9);

(5) "Failed to file a notice of appeal of the suppression decision" (*id.* at 11);

(6) "Failed to strike juror #20 after the records showed a clear conflict of interest between the juror and the court's marshal officer" (*id.* at 13);

(7) "Denied [the petitioner's] right to testify on her own behalf to present a defense theory and rebut the government's arguments" (*id.* at 15);

(8) "Failed to object to the court submitting a defective and generic verdict form" (*id.* at 17);

4

    (9)    "Failed to request a lesser included offense instruction[] to the jury" (*id.* 138);

    (10)    "Failed to challenge pre-trial and trial errors and issues on appeal" (*id.* at 21 (referring to grounds one through nine)); and

    (11)    "Deprived movant her fourth amendment protections against illegal search and seizure" by providing ineffective assistance (*id.* at 23).

The Honorable Elizabeth W. Hanes, who handled this case after Judge Young, directed the government to respond to the petitioner's motion. ECF No. 146 at 1. In an opposition filed on March 3, 2023, the government argued that "stacking is not an issue in this case," because Judge Doumar had not enhanced the petitioner's sentence on the second count of conviction under § 924(c). ECF No. 149 at 8. The government also provided a copy of the email it sent to Attorney Robinson, in which the Assistant United States Attorney conveyed the offer to dismiss Counts One and Two in exchange for the petitioner pleading guilty to Counts Three and Four—the two § 924(c) charges. ECF No. 149-1 at 2. The email correctly describes the mandatory minimum of 10 years.

The case was transferred to this Court on March 17, 2023. Pursuant to the government's request and a limited waiver of privilege by the petitioner, the Court ordered Attorney Robinson to file an affidavit responding to the allegations set forth in the petitioner's motion. ECF No. 149 at 3 (request); ECF Nos. 161 (waiver), 163 at 4 (order). On August 21, 2023, Attorney Robinson filed an affidavit disputing each of the petitioner's claims. ECF No. 168 (SEALED).

5

## II. LEGAL STANDARD

### A. 28 U.S.C. § 2255

Collateral review under 28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the legality of a federal conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner must prove by a preponderance of the evidence that: (1) their sentence or conviction was "imposed in violation of the Constitution or laws of the United States;" (2) the district court "was without jurisdiction to impose such sentence;" (3) the sentence exceeds "the maximum authorized by law;" or (4) the sentence or conviction is "otherwise subject to collateral attack." *Id.*; *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The right to pursue collateral review of a sentence or conviction under § 2255 does not displace direct appeal as the "usual and customary method of correcting trial errors." *United States v. Allgood*, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). Once a petitioner's opportunity to pursue a direct appeal has been waived or exhausted, the "final judgment commands respect." *Id.* at 565–66. Accordingly, to obtain relief under § 2255 a petitioner "must clear a significantly higher hurdle than would exist on direct appeal". *United States v. Frady*, 456 U.S. 152, 166 (1982).

### B. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is appropriate when "the counsel's conduct so undermined the proper functioning of the adversarial process that the trial did not result in a just outcome." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must prove two

6

elements under *Strickland*. "[F]ailure of proof on either prong ends the matter." *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004).

"First, the defendant must show that . . . counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *see United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). Review under the first prong is "highly deferential," *Strickland*, 466 U.S. at 689, and courts strongly presume that counsel exercised reasonable professional judgment. *See also Kimmelman v. Morrison*, 477 U.S. 365, 381-82 (1986) (discussing *Strickland*'s "highly demanding" standard). The court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. It is not enough for the petitioner to make "vague and conclusory allegations [] in a § 2255 petition," *Dyess*, 730 F.3d at 360—they must identify specific "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment," *Strickland*, 466 U.S. at 690, and "show that counsel's actions were not supported by a reasonable strategy," *Massaro v. United States*, 538 U.S. 500, 501 (2003) (citation omitted). "The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance . . . [recognizing] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Only in "relatively rare situations" will a § 2255 petitioner establish that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of

professionally competent assistance." *Tice v. Johnson*, 647 F.3d 87, 102 (4th Cir. 2011) (quoting *Strickland*, 466 U.S. at 690) (internal punctuation omitted).

Second, the defendant must "affirmatively prove" that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 693. This requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A § 2255 petition "is expected to state facts that point to a real possibility of constitutional error." *Blackledge v. Allison,* 431 U.S. 63, 75 n.7 (1977) (punctuation and citation omitted). Courts construe filings by *pro se* petitioners liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[i]f it plainly appears from the motion[,] any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting Gov. § 2255 Proc. in U.S. Dist. Cts. 4(b)).

### III. ANALYSIS

#### A. Ground One

The petitioner first claims that Attorney Robinson provided "misadvice during the plea negotiation process with regard to the revised [§] 924(c) 'stacking' provision.'" ECF No. 138 at 5.

Prior to passage of the First Step Act of 2018, a defendant convicted on two counts under § 924(c) in a single case faced a mandatory minimum sentence of five years of incarceration on the first count and 25 years (consecutive) on the second, for

a total mandatory minimum of 30 years. This practice of counting convictions in the same case for the purpose of sentence enhancement was called "stacking." Section 403 of the First Step Act eliminated "stacking" under § 924(c). Thus, a defendant sentenced on two § 924(c) counts in the same case who does not have a prior conviction under § 924(c) now faces a five-year minimum sentence on the second § 924(c) offense, rather than 25 years.[2]

The First Step Act was enacted on December 21, 2018, and took effect immediately. Therefore, when the petitioner was indicted, on May 15, 2019 (ECF No. 1), her two charges under § 924(c) collectively carried a collective mandatory minimum sentence of 10 years, not 30.

The petitioner states that "as a result of counsel's inadequate assistance and misunderstanding of the law, [she] rejected the government's plea offer based on counsel's erroneous advice." ECF No. 138 at 5. But critically, the petitioner does not allege that Attorney Robinson advised her that pleading guilty to Counts Three and Four would result in a mandatory minimum of 30 years. In fact, she makes no specific allegation as to what the alleged "erroneous advice" was or how her counsel "misunderst[ood] the law." *Id.*

"[V]ague and conclusory allegations" cannot sustain a § 2255 petition based on ineffective assistance of counsel. *Dyess*, 730 F.3d at 360. The petitioner has failed

---

[2] It appears to the Court that the petitioner may believe that eliminating "stacking" means either (a) a defendant can no longer be convicted of more than one § 924 charge in a single case, or (b) a defendant cannot receive multiple sentences for multiple § 924 convictions in the same case. Both of those interpretations are understandable, but neither is correct.

9

to identify specific "acts or omissions of counsel" that are out of line with professional standards. *Strickland*, 466 U.S. at 690.

While the petitioner's failure to allege sufficient facts is alone enough to dispose of the first ground for her claim of ineffective assistance of counsel, the Court notes that the record suggests Attorney Robinson likely advised the petitioner accurately regarding the effect of the First Step Act on the mandatory minimum sentence for the § 924(c) charges. The government conveyed its plea offer to Attorney Robinson by email. ECF No. 149-1 at 2. The email correctly—and repeatedly—framed that the mandatory minimum sentence for two § 924(c) convictions obtained in the same case:

> [T]he government's offer is for [the petitioner] to plead guilty to Counts 3 & 4 of the indictment—*the two [§] 924(c) Counts*.
>
> The government will dismiss Counts 1 & 2. My conservative calculations . . . of the guidelines puts [the petitioner] at an offense level of 15 and a criminal history of I which means [s]he would be looking at 18–24 months in addition to the *10 years*.
>
> Changing her plea to guilty would result in a two point reduction . . . dropping her guidelines to 12–18 months in addition to the *10 years*. Also, it is possible . . . that the Court sentence[s] [the petitioner] to *10 years* and a day if she changes her plea. Such leniency would be unlikely post a jury trial conviction and it is possible in that case that [the petitioner] would receive the full 24 months of her guidelines plus the *10 years*. *10 years* is better than 12.

*Id.* (emphasis added). It strains reason to imagine that Attorney Robinson would have advised the petitioner that the government's plea offer carried a different mandatory minimum sentence than the offer itself repeatedly stated.

10

The sentencing judge properly recognized that each of the petitioner's § 924 convictions was subject to a five-year mandatory minimum. Therefore, the petitioner's sentences were not "stacked" as that term is used in sentencing. Thus, it "plainly appears" that the petitioner cannot prove that she is entitled to relief based on "misadvice during the plea negotiation" *Dyess*, 730 F.3d at 359; ECF No. 138 at 5). Therefore, the petitioner's Ground One claim fails. *See* R. Gov. § 2255 Proc. in U.S. Dist. Cts. 8(a))

### B. Grounds Two, Three, Four, Six, and Nine

In Grounds Two through Four, the petitioner alleges that Attorney Robinson "failed to completely argue and preserve [a] suppression issue" by making various choices about when and how to present evidence. ECF No. 38 at 6 (Ground Two), 8 (Ground Three), 9 (Ground Four). In Ground Six, she disputes counsel's decision not to strike a particular juror. *Id.* at 13. In Ground Nine, she contends that counsel was ineffective for not requesting a jury instruction on a lesser included offense. *Id.* at 18.

The petitioner's assertions on all five of these grounds are "vague and conclusory." *Dyess*, 730 F.3d at 360. Additionally, it "plainly appears" to the Court that these allegations amount to expressions of disagreement with the petitioner's attorney over trial strategy and disappointment with the outcome of her case. *Id.* at 359. Thus, the petitioner does not "show that counsel's actions were not supported by a reasonable strategy" on those points. *Massaro*, 538 U.S. at 501. Moreover, the petitioner has provided no basis for the Court to find that—even if counsel's choices were errors—the alleged "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Put differently, the petitioner fails to plead that "there is a

11

reasonable probability that, but for [the choices outlined in the petition], the result of the proceeding would have been different." *Id.* at 694. Accordingly, Grounds Two, Three, Four, Six, and Nine are denied.

### C. Grounds Five and Eleven

In Ground Five, the petitioner alleges Attorney Robinson "failed to file a notice of appeal of the suppression decision." ECF No. 138 at 11.

> In *Roe v. Flores–Ortega*, . . . the Supreme Court recognized two distinct scenarios in which a defendant may raise a claim of ineffective assistance of counsel for failure to file a notice of appeal. The first scenario occurs when a lawyer . . . disregards specific instructions from the defendant to file a notice of appeal. Where such a claim is established, the lawyer is *per se* deficient. The second scenario occurs when trial counsel fails to consult with a defendant about an appeal and there was a constitutionally imposed duty to do so. The duty to consult arises when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Singleton v. Eagleton*, 425 F. App'x 228, 230 (4th Cir. 2011) (unpublished) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)) (punctuation and citations omitted).

Here, the petitioner "cannot avail [her]self of [the] *per se* rule as nothing in the record before the [Court] indicates that [s]he ever requested that [her] attorney file an appeal" of Judge Doumar's decision on the motion to suppress. *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995). The petition does not even allege that the petitioner "reasonably demonstrated to counsel that [s]he was interested in appealing" denial of the motion to suppress, which would have given rise to the "duty to consult." *Flores-Ortega*, 528 U.S. at 480.

The only other option, then, was for the petitioner to show that a "rational defendant would want to appeal" the suppression issue because, *e.g.*, "there [were] nonfrivolous grounds for appeal." *Flores-Ortega*, 528 U.S. at 480. Attorney Robinson explained that "counsel could not ethically include the denial of the suppression motion on appeal as no good faith argument could be conceived for purposes of appeal." ECF No. 168 at 2 (SEALED). To determine whether a rational defendant would have wanted to appeal, "courts must take into account all the information counsel knew or should have known." *Flores-Ortega*, 528 U.S. at 480. The Court has reviewed the parties' briefs on the motion to suppress (ECF Nos. 26–27), Judge Doumar's Memorandum Opinion and Order denying it (ECF No. 34), and a transcript of the motion hearing (ECF No. 86) and finds that there were no meritorious grounds on which to appeal denial of the motion to suppress. Therefore, the Court cannot conclude that a "rational defendant would want to appeal" the issue, so Attorney Robinson had no "duty to consult" with the petitioner about noting such an appeal. *Flores-Ortega*, 528 U.S. at 480. Accordingly, Ground Five affords the petitioner no relief.

In Ground Eleven, the petitioner asserts that counsel's alleged ineffectiveness "[d]eprived [her of] her fourth amendment protections against illegal search and seizure." ECF No. 138 at 23. Fourth Amendment claims are not cognizable on collateral review if the defendant had a "full and fair" opportunity to litigate the claim on direct appeal. *Stone v. Powell,* 428 U.S. 465, 494 (1976). However, petitioners may "vindicate through federal habeas review their right to effective assistance of counsel where counsel's primary error is failure to make a timely request for the exclusion of

13

illegally seized evidence." *Kimmelman*, 477 U.S. at 379. Thus, if the petitioner were entitled to relief on Ground Five because there was a nonfrivolous basis on which to appeal denial of the suppression motion which Attorney Robinson did not pursue, then she would also be entitled to relief on Ground Eleven. But because the record "conclusively show[s]" that there was no meritorious Fourth Amendment argument counsel should have made on direct appeal, "the [petitioner] is entitled to no relief" on this claim as well. 28 U.S.C. § 2255(b). Ground Eleven is denied.

### D.  Ground Seven

In Ground Seven, the petitioner alleges Attorney Robinson "denied [her] right to testify on her own behalf to present a defense theory and rebut the government's arguments." ECF No. 138 at 15. Attorney Robinson's response states: "At all stages of this criminal process . . . I advised [the petitioner] with regard to her right to testify. The decision to testify, or to remain silent, was hers. At no time did I deny her right to testify." ECF No. 168 at 2 (SEALED).[3]

The petitioner provides no information about how her attorney allegedly "denied [her] right." ECF No. 138 at 15. She does not, for example, state that Attorney Robinson failed to advise her of the right to testify, or that she expressed a desire to testify but Attorney Robinson nonetheless failed to call her as a witness. The

---

[3] The Court has also reviewed a transcript of the petitioner's trial. ECF Nos. 84–85. Before Attorney Robinson told the court or the jury that the petitioner would not be testifying, Judge Doumar advised the petitioner of her right to testify and her right to remain silent. ECF No. 85 at 57:19–20 (notifying the court); *id.* at 59:5–11 (resting before the jury); *id.* at 39:16–40:7 (advice). The court explained to the petitioner, "[whether to testify is] a decision *you'll* make with your attorney's advice" (*id.* at 40:1–2 (emphasis added)), and the petitioner stated that she understood (*id.* at 40:6–7).

14

petitioner has also made no allegation as to "actual prejudice" resulting from counsel's conduct. *United States v, Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999). *Strickland* requires that the petitioner "affirmatively prove," 466 U.S. at 693, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. The petitioner's bare allegation that, because she did not testify, she did not "present" an unspecified "defense theory" or "rebut the government's" unspecified "arguments" falls far short of establishing "a probability sufficient to undermine confidence in the outcome" of the trial. *Id.*

The Court finds the petitioner's "vague and conclusory allegations" insufficient to sustain a claim on this issue. *Dyess*, 730 U.S. at 360.[4] Accordingly, Ground Seven is meritless.

### E. Ground Eight

In Ground Eight, the petitioner alleges that Attorney Robinson "[f]ailed to object to the court submitting a defective and generic verdict form" (ECF No. 138 at

---

[4] The Court does not purport to find either the petitioner's or counsel's memory of their attorney-client interactions credible. The Fourth Circuit has suggested, in an unpublished opinion, that such a determination is best made after a hearing. *United States v. Binh Duy Pham*, 182 F. App'x 221, 222–23 (4th Cir. 2006) (unpublished). Rather, the Court finds that because the petitioner provided virtually no detail about how her right to testify was allegedly "denied" (ECF No. 138 at 15) or what she would have testified to had she taken the stand, "the motion and the files and records of the case conclusively show that [she] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Nardone*, 948 F.2d 1283, 1283 (4th Cir. 1991) (finding that the district court "acted within its discretion to exercise its common sense" in denying relief on a § 2255 motion without a hearing, where the record included an attorney affidavit).

15

17). The Court has reviewed the verdict form (ECF No. 39) and finds that it was neither defective nor generic. Moreover, the plaintiff does not allege how a different verdict form would have created a "reasonable probability" of a different result. *Strickland*, 466 U.S. at 693-94. Ground Eight is denied.

    **F.    Ground Ten**

Ground Ten alleges that counsel was ineffective for failing to appeal the "pre-trial and trial errors" alleged in Grounds One through Nine. ECF No. 138 at 21. The Court assumes the petitioner means to cite failure to appeal the alleged errors outlined in Grounds One through Four and Six through Nine, because it would not be possible to appeal failure "to file a notice of appeal" (the error alleged in Ground Five). ECF No. 138 at 11. Again, the petitioner does not allege that she asked to appeal or otherwise demonstrated interest in appealing on any of the cited grounds. *See Flores-Ortega*, 528 U.S. at 480.

Each of the relevant grounds alleges ineffective assistance of counsel. The petitioner filed the instant motion using a form that asked whether she filed a direct appeal on each ground and if not, why not. As to each and every ground, the petitioner stated *not* that she had wanted to directly appeal and Attorney Robinson had nonetheless failed to note the ground, but that "ineffective assistance of counsel claims [could] only be raised on collateral attack under 18 U.S.C. [§] 2255." ECF No. 138 at 21.

It is not strictly true that ineffective assistance claims *cannot* be raised on direct appeal. *See Massaro*, 538 U.S. at 504 (holding that defendants are not *required* to bring such claims on direct appeal, not that they may not do so). However, it is

16

certainly common practice to raise ineffective assistance of counsel claims after a direct appeal. In fact, the Supreme Court has said that, "[i]n light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro*, 538 U.S. at 504. Thus, the Court cannot find that a "rational defendant" would obviously "want to" directly appeal on any of the issues outlined in Grounds One through Four or Six through Nine, such that Attorney Robinson would have had a "duty to consult" with the petitioner on whether she wished to do so. *Flores-Ortega*, 528 U.S. at 480.

Because neither "scenario[]" outlined in *Flores–Ortega*, is present here, *id.*, Count Ten is denied.

## IV.   CERTIFICATE OF APPEALABILITY

"An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA")." *United States v. Day*, No. 3:07-cr-154, 2018 WL 4714778, at *2 (E.D. Va. Oct. 1, 2018) (citing 28 U.S.C. § 2253(c)(1)(B)); *see* R. Gov. § 2255 Proc. in U.S. Dist. Cts. 11(a). A "COA will not issue unless a prisoner makes a substantial showing of the denial of a constitutional right." *Day*, 2018 WL 4714778, at *2 (quotation marks omitted); 28 U.S.C. § 2253(c)(1)(B). Such a showing turns on whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

The Court finds that the petitioner has not met this standard. Accordingly, a certificate of appealability is **DENIED.**

## V. CONCLUSION

For the foregoing reasons, Petitioner Latoya Patrice Carter's motion under 28 U.S.C. § 2255 (ECF No. 138) is **DISMISSED AND DENIED.**

Because the petitioner failed to demonstrate a substantial showing of a denial of a constitutional right, a Certificate of Appealability is **DENIED.**

The petitioner is **ADVISED** that because this Court declines to issue a certificate of appealability, the petitioner must request a certificate of appealability from the Circuit Court if she wishes to file an appeal. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

The petitioner is **FURTHER ADVISED** that if she wishes to appeal this decision, she must file a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days of the date of this Memorandum Opinion and Order. A written notice of appeal is a short statement declaring a desire to appeal and noting the date of the Order petitioner wants to appeal. The petitioner does not need to explain the grounds for appeal until the Circuit Court directs her to do so.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the petitioner, the petitioner's former counsel, and counsel of record for the government.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Newport News, Virginia
April 3, 2024

18